# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:18-cr-00218-TWP-DLP |
| WAYNE WILSON, ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on *pro se* Defendant Wayne Wilson's ("Wilson") Motion for Reduction of Sentence or Early Release (Dkt. 70). For the reasons stated below, the Motion bust be **denied**.

## I. DISCUSSION

Congress has authorized district courts to revisit sentences, in only three situations specified by 18 U.S.C. § 3582(c). The district court can modify a sentence where: (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the United States Sentencing Commission. *See U.S. v. Goode*, 342 F. 3d 741 (7th Cir. 2003).

Following a plea of guilty, Wilson was convicted of Witness Tampering, under 18 U.S.C. §1512 (b)(2)(A) and (D), and Witness Harassment, under 18 U.S.C. § 1512 (d)(1). Wilson admitted to sending threatening messages to a witness using the internet during the course of a Sex

Trafficking investigation. The guideline sentencing range for these offenses was 33 to 41 months of imprisonment. On November 26, 2018, Wilson was sentenced to a term of 33 months of imprisonment, to be followed by 3 years of supervised release. Dkt. 51. Fines and costs of $3,200.00 were accessed. *Id*. At the time that Wilson committed the instant offense, he had pled guilty to, and was on bond awaiting sentencing out of the Monroe County Circuit Court for, Dealing a Narcotic Drug (Heroin – Level 2 Felony). At the sentencing hearing, the Government presented significant evidence that Wilson had continued dealing drugs even after pleading guilty to the dealing charge in Monroe County and during the time when he committed the instant offense. Both the federal and state courts ordered that the two sentences be served consecutively.

On July 8, 2019, Wilson filed a Motion for Reduction of Sentence asking the Court to reduce his 33 month sentence to 24 months, pursuant to 18 U.S.C. § 3582(c)(1)(A), so that he can begin serving a 14 year state court sentence imposed by the Monroe County Circuit Court. *See* Dkt. 70. In support of his motion, Wilson asserts that he has had only one write up, is participating in a drug treatment program, and he has worked earnestly towards rehabilitation. *Id*. On August 12, 2019, Wilson filed a supplement to his motion in a letter and asked the Court to run his federal sentence concurrently with his Monroe County sentence. *See* Dkt. 75. On August 30, 2019, Wilson again wrote a letter to the Court asking that his sentence be reduced, asserting that he was a first time offender. *See* Dkt. 78. Finally, on September 30, 2019, Wilson again supplemented his motion stating that he had "never been on probation, house arrest, work release nothing at all." *See* Dkt 84.

On September 16, 2019, the Government filed a Response in opposition to Defendant's Motion. Dkt. 80. The Government asserts that the Court must deny Wilson's motion for relief

under 18 U.S.C. 3582(c)(1)(A) because to receive relief under this statute a defendant must have already been denied some relief by the Bureau of Prisons ("BOP") after stating a cognizable claim there, or he must be more than 70 years old and have served at least 30 years of a sentence. Regarding Wilson's request for concurrent sentencing, the Government argues that consecutive sentences are appropriate because Wilson committed the instant offense just two months after he had pled guilty to and been convicted of Dealing a Narcotic Drug, a Level 2 Felony. The Government also explains that Wilson's assertion that he is first time offender is inaccurate[1].

Wilson's requests for reduction of his sentence must be **denied** for several reasons. None of the circumstances that allow a reduction in the sentence imposed exist in this matter, even considering the amendments provided by the First Step Act. Wilson has not argued any changes in the sentencing guidelines that would warrant a reduction in his sentence, he does not assert that he applied and was denied any statutory reductions by the BOP, nor does he site to another statute or rule that expressly permits a sentence modification. The Court commends Wilson for his good behavior and rehabilitative efforts while in the BOP, however, the Court is not allowed to reduce a sentence based solely on an inmate's good behavior and family support. *See* 18 U.S.C. § 3582(c).

Regarding his request that the state and federal sentences be served concurrently, that request is also **denied,** because presently, granting this request would be futile. The Monroe County judge had the benefit of knowing this Court's 33 month sentence when it imposed a 14 year consecutive sentence on December 6, 2018. Thus, even if this Court were to grant Wilson's

---

[1] At the time that the Wilson committed the act of Witness Tampering, the Monroe County Judge had convicted him of Dealing a Narcotic Drug (Dkt. 46, ¶ 38). Additionally, Wilson had four misdemeanor convictions between the dates of December 5, 2013 and May 25, 2017. At the time that Wilson committed the offense of Dealing a Narcotic Drug (the Monroe County case), he was already on bond in a Marion County Marijuana Possession case (*Id.* ¶¶ 37-38).

request, the sentences would remain consecutive because of the state's sentencing order. *See* Dkt. 80 at 9. In addition, as required, the Court adequately explained the chosen sentence (including the chilling effect on witness testimony caused by Wilson's actions), did not treat the guidelines as mandatory and considered the § 3553(a) factors. *Gall v. United States*, 128 S.Ct. 586, 597 (2007). There is no double counting because Wilson's state sentence and federal sentence were not based on any overlapping conduct. For all of these reasons, the Court declines to order concurrent sentencing.

As a final note, the Court recognizes Wilson's assertion that he intends to be law abiding and care for his children upon his release from prison, and acknowledges that he has paid a substantial portion of his monetary obligation. *See* Dkt. 89. Although the Court cannot reduce the sentence imposed, the Court is able to reduce the length of supervised release. If Wilson is able to complete a portion of his supervision without any violations, the Court can grant early termination of supervised release.

## II. CONCLUSION

For the reasons set forth above, Wilson's *pro se* Motion for Reduction of Sentence or Early Release, Dkt. [70], is **DENIED**.

**SO ORDERED.**

Date: 11/6/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Wayne Wilson, #16353-028
Federal Medical Center
P.O. Box 14500
Lexington, Kentucky 40512

Kristina Korobov
UNITED STATES ATTORNEY'S OFFICE
kristina.korobov@usdoj.gov